**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DR. GANIYU AYINLA JAIYEOLA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-2354 (RC) |
| | : | | |
| v. | : | Re Document No.: | 8 |
| | : | | |
| DEPUTY CLERK JEFF HOKANSON, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Proceeding *pro se*, Dr. Ganiyu Ayinla Jaiyeola ("Dr. Jaiyeola" or "Plaintiff") files this action against Deputy Clerk Jeff Hokanson of the District of Kansas ("Deputy Clerk Hokanson" or "Defendant"). Plaintiff initially brought this action against three defendants—Deputy Clerk Hokanson, Chief Judge Eric F. Melgren of the District of Kansas ("Judge Melgren"), and Clerk Skyler B. O'Hara of the District of Kansas ("Clerk O'Hara") (collectively, "Defendants"). After Defendants moved to dismiss the initial Complaint, Plaintiff filed the Amended Complaint where he drops the latter two defendants, leaving Deputy Clerk Hokanson as the sole defendant. Plaintiff is alleging deprivation of due process and denial of his "constitutional right to due process and equal protection and first amendment rights" as a result of Deputy Clerk Hokanson's thirty-day delay in filing Plaintiff's Complaint against District Judge Holly L. Teeter ("Judge Teeter"). Deputy Clerk Hokanson files a motion to dismiss, arguing lack of personal jurisdiction, improper venue, judicial immunity, and failure to state a claim. For the foregoing reasons, the Court grants Defendant's motion to dismiss.

## II. FACTUAL BACKGROUND

This case originally arose out of a failure-to-hire employment discrimination lawsuit in the District of Kansas, where Plaintiff sued Garmin International, Inc. ("*Garmin* Lawsuit") for alleged violation of his rights under Title VII of the Civil Rights Act of 1964. *See* Amended Complaint ("Am. Compl.") at 2, ECF No. 7. The causes of action raised in that suit were racial discrimination, age discrimination, disability association discrimination, and denial of due process. *See id.* On June 24, 2021, the presiding judge in the *Garmin* Lawsuit, Judge Teeter, dismissed Dr. Jaiyeola's case with prejudice as a sanction for "vexatious" conduct. *See* Def.'s Mot. to Dismiss ("Def.'s Mot. Dismiss") at 1, ECF No. 8; *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-cv-2068, 2021 WL 2595067, at *6 (D. Kan. June 24, 2021). The Tenth Circuit affirmed Judge Teeter's decision. *See* Def's Mot. Dismiss at 1; *Jaiyeola v. Garmin Int'l, Inc.*, No. 21-3114, 2022 WL 1218642, at *6 (10th Cir. Apr. 26, 2022). In another action resolved by this Court, Plaintiff sued Judge Teeter, alleging she received a "gift" of Garmin stock while presiding over the case and thus should have recused herself. *See* Am. Compl., Ex. C; *Jaiyeola v. Teeter*, No. 24-1798 (RC) (D.D.C.). This Court ultimately granted Judge Teeter's motion to dismiss based on lack of personal jurisdiction. *See generally* Mem. Op., *Jaiyeola v. Teeter*, No. 24-1798 (RC) (D.D.C. Mar. 24, 2025), ECF No. 23.

Plaintiff filed the instant *pro se* lawsuit in this Court on July 31, 2024 against three defendants—i.e., Deputy Clerk Hokanson, Judge Melgren of the District of Kansas, and Clerk O'Hara of the District of Kansas. *See* Complaint ("Compl.") at 2, ECF No. 1. Defendants subsequently filed a motion to dismiss on October 25, 2024, arguing lack of personal jurisdiction, improper venue, judicial immunity, and failure to state a claim. *See* Defs.' Mot. Dismiss at 5–13, ECF No. 5. However, as "the Motion to Dismiss [was] targeted at the Original

Complaint . . . [it is] rendered moot by the filing of the Amended Complaint." Am. Compl. at 1. The Amended Complaint, filed on November 04, 2024, drops Judge Melgren and Clerk O'Hara as defendants, leaving Deputy Clerk Hokanson as the sole defendant in this action. Am. Compl. ¶ 6. The complaint raises two causes of action: (1) "deprivation of due process" and (2) "denial of 'constitutional right to due process and equal protection' and 'first amendment' rights." Am. Compl. ¶ 15–29. The basis for these claims is that by not filing Plaintiff's proposed Complaint for the *Jaiyeola v. Teeter* lawsuit on the day Plaintiff emailed it (June 10, 2024), and instead approving it for opening on July 10, 2024, Deputy Clerk Hokanson violated Plaintiff's constitutional rights. *Id.* ¶ 8–14; *see also id.* Ex. A–C.

### III. LEGAL STANDARD

#### A. *Pro Se* Plaintiff

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, they must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015) (quoting *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal quotation marks omitted)). In other words, a *pro se* plaintiff is not exempt from the Rule 12(b)(6) requirements. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

#### B. Personal Jurisdiction

A plaintiff "bear[s] the burden of establishing personal jurisdiction over the defendants." *Clay v. Blue Hackle N. Am. L.L.C.*, 907 F. Supp. 2d 85, 87 (D.D.C. 2012). To establish personal

jurisdiction, a plaintiff "must allege specific acts connecting the defendant with the forum and cannot rely on conclusory allegations." *Id.* (quotation omitted). Unlike a Rule 12(b)(6) motion to dismiss, the Court need not treat all of a plaintiff's allegations as true when making a personal jurisdiction determination. The Court may instead receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts. *See id.* However, the Court must resolve any factual discrepancies with regard to establishing personal jurisdiction in favor of the plaintiff. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). When "personal jurisdiction is in question, a court must first determine that it possesses personal jurisdiction over the defendants before it can address the merits of a claim." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018).

### IV.  ANALYSIS

#### A.  Personal Jurisdiction

One of Deputy Clerk Hokanson's arguments for why dismissal of Plaintiff's Amended Complaint is warranted is that Plaintiff fails to meet his burden of establishing personal jurisdiction. *See* Def.'s Mot. Dismiss at 5–7. A two-part inquiry is required for the Court to establish personal jurisdiction over Defendant. *See Safex Found., Inc. v. SafeLaunch Ventures Ltd.*, 694 F. Supp. 3d 1, 8 (D.D.C. 2023). The Court "must first examine whether jurisdiction is applicable under the state's long-arm statute," and then it must determine whether constitutional requirements of due process are satisfied. *Id.; see also GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

4

Defendant argues that Plaintiff fails to establish *in personam* jurisdiction under the District of Columbia's long-arm statute. *See* D.C. Code Ann. § 13-423 (2001). The Court agrees. Plaintiff has not brought forth any facts to demonstrate that Deputy Clerk Hokanson transacted any business, contracted to supply services, or caused tortious injury in the District of Columbia. *See id.* § 13-423(a)(1)–(4)*; see generally* Am. Compl. Dr. Jaiyeola has also failed to establish Defendant's interest or possession in any property, or any marital or parental relationships, in the District of Columbia. *See id.* § 13-423(a)(5)–(7). The allegations establish that Defendant is a Deputy Clerk at the Kansas District Court. Am. Compl. ¶ 6. Dr. Jaiyeola's grievances regarding Deputy Clerk Hokanson's alleged failure to file his Complaint against Judge Teeter are actions that occurred in the District of Kansas, *see generally* Am. Compl., while Dr. Jaiyeola is a resident of California. *See* Summons in a Civil Action at 1, ECF No. 2. "For there to be personal jurisdiction under the long-arm statute, plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum." *Robinson v. Ashcroft*, 357 F. Supp. 2d 142, 145 (D.D.C. 2004). Beyond the enumerated contacts listed in the statute, Dr. Jaiyeola has not shown that Deputy Clerk Hokanson lives in, works in, or has any general connection to the District of Columbia. *See generally* Am. Compl. As Dr. Jaiyeola has failed to point to specific facts that connect Deputy Clerk Hokanson to this District or bring forth any evidence that illustrates purposeful activity in this forum, the long-arm statute does not extend to Defendant.

The Court also agrees with the due process concerns raised by Defendant. *See* Def.'s Mot. Dismiss at 7. To satisfy the due process requirements, a plaintiff must show "minimum contacts" between the defendant and the forum "such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This means that the "'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *GTE New Media Servs.*, 199 F.3d at 1347 (citation omitted). The defendant's contacts with the forum "must [also] be the defendant's own choice and not random, isolated, or fortuitous" and must "show that the defendant deliberately reached out beyond its home" to "exploi[t] a market" in the forum or "enter[] a contractual relationship centered there." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal quotation marks omitted). As discussed above, Dr. Jaiyeola has failed to procure any facts that point to Defendant's contacts with the District of Columbia. Consequently, Deputy Clerk Hokanson has not exploited this forum in a way that would make anticipation to be haled into this Court reasonable, thus offending traditional notions of fair play and substantial justice.

Because the plaintiff has the burden of establishing personal jurisdiction over the defendant, *see Ashcroft*, 357 F. Supp. 2d at 144 (D.D.C. 2004), and Dr. Jaiyeola has not pointed to any facts to demonstrate Deputy Clerk Hokanson's contacts with the District of Columbia, Dr. Jaiyeola has failed to establish this Court's personal jurisdiction over Deputy Clerk Hokanson. Therefore, the Court concludes that it lacks personal jurisdiction over Defendant, and it does not address the remaining arguments presented in support of the motion to dismiss.[1]

---

[1] Plaintiff requests that the Court take judicial notice of *Jaiyeola v. Teeter*, 24-cv-01798 (D.D.C. 2024), the case that Defendant allegedly delayed filing in the District of Kansas. *See* Am. Compl. ¶ 12. Plaintiff further requests the Court to deem this venue as proper under the doctrine of pendent venue. *See id.* at 3–5. But, because the Court has concluded that it does not have personal jurisdiction over Defendant, it need not determine whether this District is an appropriate venue. Accordingly, the request to take judicial notice is denied.

### B.  Transfer or Dismissal

Plaintiff argues that the Court should transfer rather than dismiss this case, asserting that transfer is preferable if it is in the interest of justice.  *See* Am. Compl. at 4–5.  Plaintiff acknowledges that it is within the Court's discretion to grant the transfer.  *See id.*  However, given that Defendant's judicial immunity bars this action even if the suit were to be transferred to the appropriate forum, the Court denies Plaintiff's request to transfer the action.

When jurisdiction over an action is found lacking, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631; *see Gather Workspaces LLC v. Gathering Spot, LLC*, 2020 WL 6118439, at *10 (D.D.C. Oct. 16, 2020).  The decision whether to transfer pursuant to 28 U.S.C. § 1631 is within the discretion of the district court.  *See id*. "There are three required elements to a 28 U.S.C. § 1631 transfer: '(1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed.'"  *Id.* (quoting *Fasolyak v. The Cradle Soc'y, Inc.*, 2007 WL 2071644, at *11 (D.D.C. July 19, 2007)).  The first element is met in this action, as neither Plaintiff nor Defendant have any connection to the District of Columbia.  *See generally* Am. Compl.  The third element would require a transfer to the District of Kansas, the jurisdiction where all the contested events took place.  *Id.*  However, due to Defendant's absolute judicial immunity, which would bar this action against him even if it were transferred to the District of Kansas, the second element cannot be met.

"[C]lerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process."  *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)

(per curiam). Whether an act is discretionary or "ministerial" does not determine the applicability of immunity, but rather "immunity applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function, unless those acts are done in the clear absence of all jurisdiction." *See id.* at 1461 (internal quotation omitted). It is crucial that "a judicial officer, in exercising the authority vested in him, [] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation omitted).

Judicial immunity is also not overcome by "allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Only two sets of circumstances can overcome judicial immunity: (1) "nonjudicial actions" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12. These two circumstances are not present in this action. Dr. Jaiyeola's claims are based on Defendant's delay in filing Plaintiff's Complaint against Judge Teeter in a Kansas court. *See* Am. Compl. ¶ 15–29. Given that "[t]he clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," Deputy Clerk Hokanson acted within his official capacity as a judicial officer and is thus entitled to absolute immunity. *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011).[2]

Given that transferring this action would lead to the dispositive issue of judicial immunity arising again, even in the appropriate forum, the Court finds that transfer would merely keep "the case alive only until the next court looked it over and found it wanting." Def.'s Mot. Dismiss at

---

[2] Plaintiff raises a *Bivens* allegation, claiming that federal employees can be held liable for violations of a citizen's rights. Am. Compl. ¶ 14. However, as Plaintiff's claim arises from an act conducted in Defendant's official capacity as a judicial officer and is thus shielded by absolute immunity, the Court will not conduct an in-depth analysis of his *Bivens* allegation.

10; *Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997).  The Court thus denies Plaintiff's request to transfer and, instead, dismisses this action for lack of personal jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: April 17, 2025                                          RUDOLPH CONTRERAS
                                                                                  United States District Judge